**James JOHNSON, Plaintiff,**

v.

**William FAUVER, et al., Defendants.**

**Civ. No. 91–3103(HLS).**

United States District Court,
D. New Jersey.

March 18, 1992.

James Johnson, pro se.

Mary F. Rubinstein, Deputy Atty. Gen., Trenton, N.J., for defendants.

## OPINION

SAROKIN, District Judge.

Before the court is plaintiff's motion for declaratory judgment and a permanent injunction, and defendants' motion to dismiss the complaint against them for failure to state a claim upon which relief may be granted.

*Background*

Plaintiff James Johnson filed a complaint, pursuant to 42 U.S.C. §§ 1983, 1985(2), 1986 & 1988, alleging violations of his Fifth, Sixth, Eighth and Fourteenth Amendment rights while he was incarcerated at East Jersey State Prison. Specifically, Bridges contends that Defendant New Jersey State Parole Board Chairman Louis Nickolopoulos denied him due process by failing to consider his application for exceptional progress in the manner required by *N.J.S.A.* 30:4–123.52(b), (c) and *N.J.A.C.* 10A:71–3.5. Also named as defendants are the New Jersey Department of Corrections Commissioner William H. Fauver and Robert J. Del Tufo, Attorney General for the State of New Jersey. An inmate not serving a mandatory minimum sentence is permitted to apply for a reduction of parole eligibility pursuant to *N.J.S.A.* 30:4–123.-52(b), provided the applicant meets the eligibility requirements enumerated in *N.J.A.C.* 10A:71–3.5.

*N.J.A.C.* 10A:71–3.5(a) states that "[t]he appropriate (Parole) Board panel *will* consider requests for exceptional progress eligibility term reductions from adult inmates" (emphasis added) if the following criteria are met:

1. The inmate has demonstrated exceptional progress in appropriate institutional or community programs; and

2. The inmate is not serving a mandatory minimum term; and

3. Unless otherwise authorized by the panel for good cause, the inmate has served at least two years in a State correctional facility, is within two and one-half years of parole eligibility, and has not received any institutional infractions within the last two years.

The inmate must submit a written request including supporting documentation to the senior Board representative at the institution where the inmate is incarcerated. *N.J.A.C.* 10A:71–3.5(b). Upon certification from the senior Board representative that the inmate is eligible pursuant to *N.J.A.C.* 10A:71–3.5(a)2 and (a)3, the senior Board representative must forward the application to the appropriate Board panel for review.

According to plaintiff's complaint, on January 29, 1988 he submitted his application for exceptional progress to Parole Board Chairman Louis Nickolopoulos and forwarded a copy of the application to Commissioner of the Department of Corrections, William H. Fauver. In a letter dated

December 7, 1988 the Parole Board acknowledged that plaintiff's application was "[c]urrently under review." On June 1, 1989 plaintiff sent a letter to Parole Board Chairman Nickolopoulos inquiring about the status of his application for exceptional progress. In his letter, plaintiff indicated that a Parole Board officer had told him his initial parole hearing was scheduled for September of 1989. Plaintiff expressed concern that his application for exceptional progress would not be decided upon before his initial parole hearing.

Nickolopoulos responded by letter dated June 9, 1989. His letter stated that plaintiff's application for exceptional progress would be entertained by the Parole Board prior to plaintiff's initial hearing. Nickolopoulos also explained that the Parole Board was in the process of collecting the last information which it deemed necessary to evaluate plaintiff's exceptional progress application. By letter dated June 13, 1989, the Parole Board informed plaintiff that an additional psychological evaluation was required of him. The plaintiff underwent the psychological evaluation on June 29, 1989.

Plaintiff's initial parole hearing took place on October 24, 1989. Plaintiff alleges that at this time the Hearing Officer referred his case to the Board Panel for a hearing. Plaintiff also alleges that no mention was made of his application for exceptional progress at the October 24, 1989 initial hearing. By letter dated November 23, 1989, the Parole Board advised plaintiff that at his parole hearing on November 28, 1989 the Parole Board Adult Panel would review plaintiff's institutional record, which would include all of the information in his application for exceptional progress as well as all the information the Parole Board had accumulated during the investigation of his application.

The Adult Panel denied plaintiff parole at his November 28, 1989 hearing and referred plaintiff's case to a three member panel with instructions to establish a future parole eligibility term in excess of the administrative guidelines. Plaintiff alleges that no mention was made of his application for exceptional progress at the November 28, 1989 hearing. On April 19, 1990, the three-member panel reviewed plaintiff's case and set a future parole eligibility term of ten years. Plaintiff alleges that no mention was made of his application for exceptional progress at the April 19, 1990 three member panel hearing. According to Defendant Robert J. Del Tufo's letter brief dated August 27, 1991, plaintiff pursued administrative appeal of his parole denial through the New Jersey State Parole Board. The Parole Board affirmed the Adult Panel's decision on June 27, 1990. Plaintiff appealed the Parole Board's decision to the Superior Court Appellate Division of the New Jersey State Courts. The Parole Board filed a cross-motion for summary disposition, which the Appellate Division granted by order dated November 29, 1990. According to defendants' letter brief, the New Jersey State Supreme Court denied plaintiff's petition for certification.

Plaintiff alleges in his complaint that throughout the appellate process defendants have failed to address plaintiff's application for exceptional progress, thus denying him due process. Plaintiff alleges that he has never received written notice of the Panel's decision. Defendants Del Tufo, Parole Board and Department of Corrections have moved for dismissal on the grounds that plaintiff's allegations fail to state a claim that the Parole Board and Department of Corrections violated plaintiff's constitutional rights.

*Discussion*

For the purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must consider all facts alleged in the complaint as true, and must only dismiss if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ Plaintiff pursues his claim under 42 U.S.C. §§ 1983, 1985(2), 1986 & 1988. A threshold issue is whether plaintiff's claim is properly brought under 42 U.S.C. §§ 1983, 1985(2), 1986 & 1988, or whether it

should be brought by application for a writ of habeas corpus. Since the dispute in the present case goes only to the manner in which the Board has considered plaintiff's parole, and since plaintiff does not claim that the review process must actually lead to his parole or to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983. *Thomas v. Georgia State Board of Pardons and Paroles*, 881 F.2d 1032 (11th Cir.1989) (challenge to a "procedure" by which parole decisions are made may proceed under 42 U.S.C. § 1983; claims based on denial of prisoner's parole must be pursued through habeas corpus).

■ A "subject matter upon which the judgement of the court can operate" must exist in order for the court to make a substantive determination on the merits. *Ex Parte Baez*, 177 U.S. 378, 389, 20 S.Ct. 673, 677, 44 L.Ed. 813 (1900). It is undisputed that, when plaintiff was finally granted a parole hearing on November 28, 1989, the Parole Board Panel denied his request for parole. (Plaintiff's Complaint at Paragraph 17). Further, the Board Panel referred the matter to a three member Panel to establish a future parole eligibility date in excess of the administrative guidelines. (Plaintiff's Complaint at Paragraph 17). Under these circumstances, the court is obliged to consider whether this suit presents a live case or controversy. *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537, 98 S.Ct. 2923, 2927–28, 57 L.Ed.2d 932 (1978) (mootness implicates the court's jurisdiction and hence may be raised *sua sponte* at any time). In view of the results of the parole hearing, at which the evidence plaintiff had submitted in support of his application for reduced parole eligibility was considered, the court concludes the claims raised by plaintiff have been rendered moot.

Mootness doctrine generally holds that a court may not pass on a matter where changes in circumstances that prevailed at the beginning of the litigation have "forestalled any occasion for meaningful relief." *Jersey Cent. Power v. State of N.J.*, 772 F.2d 35, 39 (1985) (citing *Mills v. Green*, 159, U.S. 651, 653, 16 S.Ct. 132, 132–33, 40 L.Ed. 293 (1895)). In the present case, the inappropriateness of rendering a decision on the merits is particularly evident: the events forestalling the possibility of meaningful relief, and thereby mooting plaintiff's claim, occurred before this litigation was even commenced. That obtaining accelerated parole consideration was, in plaintiff's case, a practical impossibility because his parole eligibility date had passed before this litigation commenced does not, standing alone, render this action moot. In the view of the court, were this fact the only impediment, plaintiff's claim might not have been barred since his injury appears to be "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

However, there is more reason to conclude that the circumstances of the present case have forestalled any occasion for the court to render "meaningful relief." The Board Panel's decision to deny plaintiff parole and to establish a future parole eligibility date in excess of the administrative guidelines, reached before the initiation of this action, establishes beyond doubt that plaintiff would have received no benefit from a court-ordered consideration of his application for exceptional progress even had such a hearing occurred before his parole eligibility date. Hence, under these unique circumstances, the court concludes that plaintiff's claim is necessarily barred on grounds of mootness.

This court's holding is not intended to encourage the Board to delay consideration of exceptional progress applications until after parole hearings nor sanction the legality of such a practice. To the contrary, the court trusts that the Board will abide by the requirements of N.J.A.C. 10A:71–3.5 and refrain from deferring consideration of applications until after the passage of time has effectively denied a petitioner's request for relief without affording him or her the Board determination required by law. Further, the court emphasizes that had the results of the parole hearing suggested that there existed any possibility that an exceptional progress review could have afforded plaintiff relief in the form of an

accelerated parole eligibility date, the result of this court's mootness analysis might well have been different.

Because the court has concluded that this case must be dismissed on grounds of mootness, the court need not and does not reach the issue of whether N.J.A.C. 10A:71–3.5 creates a liberty interest in early parole eligibility; the court's holding should in no way be viewed as embodying a judgment that such a liberty interest does not exist here.

*Conclusion*

For the foregoing reasons, the court denies plaintiff's motion for declaratory judgment and his request for permanent injunction as moot and grants defendants' motion to dismiss plaintiff's complaint.