Henry BENSON, Petitioner,

v.

**NEW JERSEY STATE PAROLE BOARD, et al., Respondents.**

Henry BENSON, Plaintiff,

v.

**Mary Keating DiSABATO, et al., Defendants.**

Civil Action Nos. 96–3599, 96–3944.

United States District Court,
D. New Jersey.

Dec. 6, 1996.

Henry Benson, Delmont, NJ, pro se.

Peter Verniero, Attorney General of New Jersey, Jennifer L. Kleppe, Deputy Attorney General, Department of Law & Public Safety, Trenton, NJ, for Respondents/Defendants.

## OPINION

ORLOFSKY, District Judge:

Henry Benson ("Benson"), who is currently incarcerated at Southern State Correctional Facility in Delmont, New Jersey, filed a petition for a writ of mandamus in this court on July 25, 1996, which was docketed as Civil Action No. 96–3599. The court treated this *pro se* petition as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, because Benson sought relief in the form of immediate release from confinement. Subsequently, Benson filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Mary Keating DiSabato, the director of the New Jersey State Parole Board ("NJSPB" or the "Parole Board"), and others, seeking declaratory relief and punitive damages. This action was docketed as Civil Action No. 96–3944. Benson's habeas corpus action, which had been assigned to Judge Politan in the Newark vicinage, was transferred to this vicinage so that both actions could be considered together.[1]

The respondents have filed a motion to dismiss Benson's habeas corpus petition on the ground that Benson has failed to exhaust available state remedies. Defendants in the civil rights suit have filed a motion for summary judgment on the grounds that the action is moot and barred by the Eleventh Amendment.

These two actions require this court to determine whether a prisoner who claims that he has been denied a timely parole hearing, and who challenges an allegedly erroneous calculation of his parole eligibility date, may simultaneously seek habeas corpus relief pursuant to 28 U.S.C. § 2254, and a declaratory judgment and damages pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Because Benson's § 1983 complaint, is, in effect, a challenge to the outcome of a parole decision in his case, I conclude that this issue, which "lies at the intersection of the two most fertile sources of prisoner litigation," must be resolved in favor of an exclusive habeas corpus remedy. *Heck v. Humphrey*, 512 U.S. 477, ——, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994). Accordingly, Benson's § 1983 complaint will be dismissed without prejudice for lack of subject matter jurisdiction in this court. Moreover, an analysis of Benson's habeas claims leads to the conclusion that his petition for a writ of habeas corpus must also be dismissed without prejudice.

## I. Procedural Background

Henry Benson was convicted of one count of possession of a controlled dangerous substance with intent to distribute in violation of N.J.Stat.Ann. § 2C:35–5(b)(2), and one count of possession of a controlled dangerous substance with intent to distribute within 1000 feet of a school in violation of N.J.Stat.Ann. § 2C:35–7. Benson was sentenced to a seven-year term of imprisonment with one year of parole disqualification.

Benson contends that he was denied a timely parole hearing before the NJSPB. Benson variously calculates that his earliest date of eligibility for parole should have been December 2, or December 9, 1995. Response to Respondents' Motion to Dismiss at

---

1. An order consolidating these actions is attached.

2; Petition at 2. The State, on behalf of the NJSPB, asserts that Benson was not eligible for parole until September 1, 1996. Brief in Support of Summary Judgment at 3. Benson received an initial parole hearing on September 10, 1996, and on September 12, 1996, an Adult Panel of the Parole Board determined that a substantial likelihood existed that Benson would commit another crime if released on parole and imposed a sixteen (16) month future eligibility term. Subsequently, Benson was issued a new Parole Eligibility Calculation listing his next parole eligibility date as October 6, 1997. Benson contests the Parole Board's calculations and maintains that he is being confined illegally. These allegations form the basis of both Benson's petition for a writ of habeas corpus and his § 1983 suit.[2]

As a preliminary matter, this court must determine whether it has jurisdiction over the claims asserted by Benson in both his habeas corpus petition and in his § 1983 suit. Because I conclude that Benson's § 1983 complaint presents no legally cognizable claim, this court is without subject matter jurisdiction and is constrained to dismiss that complaint.

## II. Applicable Legal Standards

### A. The Intersection of § 1983 and Habeas Corpus

The Supreme Court has carefully distinguished suits seeking release from confinement, which must be brought as petitions for a writ of habeas corpus, from suits challenging state administrative procedures or other conditions of confinement, which are properly brought under § 1983. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Court held that "when a state prisoner is challenging the very fact or dura-

tion of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. at 1841. Subsequently, in *Wolff v. McDonnell*, 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974), the Court, while recognizing that *Preiser* foreclosed a prisoner's claim for restoration of "good time" credits, nevertheless held that a prisoner could sue for damages and an injunction under § 1983 based upon his claim that the procedure for awarding "good time" lacked sufficient constitutional safeguards. *See also Gerstein v. Pugh*, 420 U.S. 103, 107 n. 6, 95 S.Ct. 854, 859 n. 6, 43 L.Ed.2d 54 (1975) ("Because release was neither asked nor ordered, the lawsuit did not come within the class of cases for which habeas corpus is the exclusive remedy").

In determining whether a prisoner's claim may properly be brought under § 1983, the Third Circuit has drawn a similar "distinction between process-based claims and those focusing on the outcome of a particular decision." *Georgevich v. Strauss*, 772 F.2d 1078, 1087 (3d Cir.1985), *cert. denied*, 475 U.S. 1028, 106 S.Ct. 1229, 89 L.Ed.2d 339 (1986). In *Georgevich*, a plaintiff class of state prisoners confined to state institutions contended that they had not been afforded the same parole procedures granted by state statute to similarly situated prisoners in county facilities. Although the court ultimately held that the district court must abstain pursuant to the doctrine announced in *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the Third Circuit nevertheless made clear that the prisoners' class action was properly brought under § 1983, because it constituted a challenge to the conditions of confinement, insofar as it

**2.** In his petition for a writ of habeas corpus, which he styled a petition for a writ of mandamus, Benson also contended that, as of July 22, 1996, he had received no reply to a petition for a writ of habeas corpus sent to the Law Division of the Superior Court of New Jersey, Union County, on May 1, 1996, a copy of which he attached to his petition in this court. Benson alleges that the Clerk of the Superior Court's failure to file his petition amounts to a denial of access to the courts. It is clear that Benson's claim that he

has been denied access to the courts is meritless. Review from a decision or action of the Parole Board must be sought in the Appellate Division of the Superior Court, not the Law Division, pursuant to N.J.Ct.R. 2:2–3(a)(2). *See,* Sylvia B. Pressler, *Rules Governing the Courts of the State of New Jersey* 1997 edition, 454 (Gann) ("It is, of course, clear that procedurally, review of Parole Board action must be sought by appeal to the Appellate Division pursuant to this rule.").

sought only the equal application of statutory procedures, and did not seek the prisoners' release. *Georgevich,* 772 F.2d at 1086. *Cf. Wright v. Cuyler,* 624 F.2d 455 (3d Cir.1980) (suit challenging procedures for granting home furlough attacks condition of confinement and is properly brought under § 1983). This distinction between "process-based" claims and "outcome-based" claims may have focused too strongly on the type of relief sought. Distinguishing between suits seeking release and suits seeking damages was supported by *Preiser*'s statement that:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of confinement, and he is seeking something other than immediate or more speedy release.... Accordingly, ... a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies.

*Preiser,* 411 U.S. at 494, 93 S.Ct. at 1838. Inevitably, courts would need to decide what to do with a state prisoner who simultaneously sought release and damages.

In *Harper v. Jeffries,* 808 F.2d 281 (3d Cir.1986), the Third Circuit held that when a habeas corpus claim is combined with a § 1983 claim for damages, the district court should not dismiss the § 1983 claim, but should consider whether to stay the action pending a determination on the prisoner's habeas claim. In *Harper,* the plaintiff sued his parole officer and the parole board alleging that they denied him parole based upon a flawed arrest warrant. Harper sought his release, as well as damages and declaratory relief. The Third Circuit concluded that the district court should not have dismissed the § 1983 suit "simply because it was related to a petition for habeas corpus relief." *Id.* at 284.

Similarly, in *Melvin v. Nickolopoulos,* 864 F.2d 301 (3d Cir.1988), the Third Circuit held that a district court, faced with a prisoner's action seeking both release from confinement and damages for that confinement should

stay the damages action until the habeas claim had been exhausted.

Such was the state of the law in this Circuit when the Supreme Court announced its decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Court analogized a prisoner § 1983 suit to a common-law tort action for malicious prosecution, one element of which is a showing that the plaintiff prevailed in the original prosecution. The Court determined that if a judgment favorable to the prisoner in his § 1983 action would necessarily implicate the validity of the prisoner's conviction or the length of the prisoner's sentence, then a cause of action under § 1983 would not be cognizable unless and until the prisoner could prove that his underlying "conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." *Id.,* 512 U.S. at ——, 114 S.Ct. at 2372. The Court concluded that, because Heck had not demonstrated that his conviction had been invalidated, his § 1983 suit was properly dismissed and his only federal remedy lay in the habeas statute. *Id.,* 512 U.S. at ——, 114 S.Ct. at 2374.

*Heck* can properly be viewed as an attempt by the Supreme Court "to avoid collisions at the intersection of habeas and § 1983." *Id.,* 512 U.S. at ——, 114 S.Ct. at 2378 (Souter, J., concurring). In circumstances such as the Third Circuit faced in *Harper, Heck* now relieves the district court of the duty of issuing a stay, and retaining a prematurely filed § 1983 action on its docket.[3] *Heck,* 512 U.S. at —— ——, 114 S.Ct. at 2378–79 (Souter, J., concurring). Notably, the Court in *Heck* reaffirmed *Wolff,* stating that there would be no bar to a § 1983 action alleging that the State used the "wrong procedures," as there would be to a suit alleging that the State merely reached the "wrong results." *Id.,* 512 U.S. at ——, 114 S.Ct. at 2370.

■ Thus, *Heck* refocused the inquiry into whether the purported § 1983 action attacks

---

**3.** Because a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations. *See Heck,* 512 U.S. at ——, 114 S.Ct. at 2378.

the validity of a conviction or sentence, and away from the relief requested. An action which is properly one for habeas relief, therefore, does not state a cognizable claim under § 1983. Conversely, a § 1983 claim can only proceed if its resolution in plaintiff's favor would not impugn the validity of the conviction or sentence. Such a claim, one that does not seek to impugn the validity of the prisoner's conviction or sentence, is simply not an appropriate ground for habeas relief. It is against this background that this court must review Benson's § 1983 claim.

### B. The Habeas Corpus Exhaustion Requirement

Unless a habeas petitioner has exhausted all of the available state remedies with respect to his claim, he is not entitled to seek relief in a federal court. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Story v. Kindt,* 26 F.3d 402, 405 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 593, 130 L.Ed.2d 506 (1994).

The explicit language of 28 U.S.C. § 2254, as recently amended, requires a habeas petitioner to exhaust available state remedies before filing an action in federal court. The governing statute provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) *the applicant has exhausted the remedies available in the courts of the State; or*

(B)(i) *there is an absence of available State corrective process; or*

(ii) *circumstances exist that render such process ineffective to protect the rights of the applicant.*

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... *if he has the right under the law of the State to raise, by any available procedure, the question presented.*

28 U.S.C. § 2254 (emphasis added).

In order to exhaust his state remedies, a prisoner must present each of his claims to the state tribunal which maintains jurisdictional authority to review them. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Olsack v. Lewis,* 847 F.Supp. 35, 37–38 (D.N.J.1994) (holding that the exhaustion requirement should not be waived even where there has been a delay of more than twelve months in the petitioner's post-conviction remedy hearing in state court).

In a case dealing specifically with an asserted failure to exhaust in the context of a request for habeas review of parole board decisions, a court in this district stated:

It is clear that petitioner has not met his burden in establishing that he has first exhausted available state remedies before filing the petition for habeas corpus relief. The New Jersey State Parole Board and the Department of Corrections are both state administrative agencies whose actions or inactions are reviewable, as of right, by the New Jersey Superior Court, Appellate Division, to ensure that discretionary powers delegated by legislature are not exercised arbitrarily or capriciously.

*Stufflebean v. Neubert,* 627 F.Supp. 712, 713 (D.N.J.1986). *See* N.J. Const. of 1947, art. VI, § 5, ¶ 4; N.J.Ct.R. 2:2–3(a)(2).[4]

### III. Analysis

#### A. The Section 1983 Suit

■ In the text of his petition for a writ of habeas corpus, Benson relies on the Supreme

---

4. The pertinent language in the New Jersey Constitution declares that: "Review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal causes where such review shall be discretionary." N.J. Const. of 1947, art. VI, § 5, ¶ 4.

The New Jersey Rules of Court provide that: "appeals may be taken to the Appellate Division as of right ... (2) to review final decisions or actions of any state administrative agency or officer...." N.J.Ct.R. 2:2–3(a). *See also* Pressler *supra,* note 2, discussing N.J.Ct.R. 2:2–3(a)(2).

Court's decisions in *Greenholtz v. Inmates of Neb. Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), and *Board of Pardons v. Allen,* 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987), to establish that there is a "liberty interest" in parole. Both of these cases were class actions, which proceeded under § 1983, and alleged violations of procedural due process and sought relief other than release from confinement. These cases do not address whether a prisoner may simultaneously maintain a habeas action seeking release and a § 1983 action for damages and declaratory relief when those actions are apparently based upon the same factual and legal bases. In this case, the same alleged violation of Benson's due process rights supports his § 1983 suit and his petition for a writ of habeas corpus. This is essentially the same set of circumstances presented in *Harper.*

Clearly, Benson has placed himself in the middle of the intersection between habeas and § 1983. *Heck* requires this court to determine whether he states a cognizable claim for relief under § 1983. I conclude that he does not.

Even though Benson's § 1983 complaint purports to seek a declaration and punitive damages for an alleged violation of his Fourteenth Amendment right to procedural due process, a decision in Benson's favor will *necessarily* entail a determination of Benson's proper initial parole eligibility date. To the extent Benson seeks, by way of a declaratory judgment, to "correct" his parole eligibility records, his suit is an attack on the duration of his confinement and his sole proper remedy is a writ of habeas corpus. *See Preiser,* 411 U.S. at 488–89, 93 S.Ct. at 1835–36; *cf. Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir.1995) *(per curiam)* (*Heck* precluded a § 1983 suit that would have impliedly invalidated a denial of parole and thus

was a challenge to the duration of confinement).

In viewing Benson's § 1983 complaint as a thinly veiled attack on the duration of his confinement, I am mindful that a change in Benson's parole eligibility date will not automatically result in his immediate release.[5] Nevertheless, challenges to a state parole board's eligibility calculations have supported habeas actions even when the possibility of the prisoner's release was exceedingly remote. *See Blair–Bey v. Nix,* 919 F.2d 1338, 1339 (8th Cir.1990) *(per curiam ),* cert. denied, 502 U.S. 899, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991) (holding that a prisoner serving a sentence of life without parole could challenge a loss of "good time" credits under § 2254, because his sentence might conceivably be commuted to a term of years by executive clemency).

Benson alleges that the State has mistakenly calculated his parole eligibility dates and, consequently, has failed to grant him a timely parole hearing, all in violation of his constitutional rights. As noted, this is the entire substance of both Benson's habeas petition and his § 1983 action. Such a claim is properly a matter for habeas review, because Benson ultimately seeks an earlier parole eligibility date. *See Wilson v. Lockhart,* 949 F.2d 1051 (8th Cir.1991) (prisoner § 1983 complaint was properly dismissed when prisoner "would . . . become eligible for parole earlier" upon a favorable result in such a suit). *Cf. Johnson v. Fauver,* 786 F.Supp. 442, 445 (D.N.J.1992) (when review by the district court will not "actually lead . . . to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983."), aff'd, 970 F.2d 899 (3d Cir.1992). Moreover, concerns for federal-state comity counsel strongly in favor of allowing the state courts to review this claim in the first instance.[6]

---

5. Indeed, the Parole Board has already once denied Benson parole since this suit was filed.

6. Moreover, it is unclear what preclusionary effect would be given to a declaration that Benson's rights have been violated by the State's alleged failure to schedule a timely parole hearing. In order to issue such a declaration, this court would necessarily need to decide as a matter of fact, precisely when Benson was entitled to

a parole hearing, a matter which is disputed by the parties. *See Thomas v. Dietz,* 518 F.Supp. 794, 797 (D.N.J.1981) ("Were a federal court to make a determination in a § 1983 damages action of precisely the same constitutional claim upon which a prisoner relies to challenge the constitutionality of his confinement, nothing would be left, under principles of *res judicata,* for the state courts to decide."); *but see Heck,* 512 U.S. at —— n. 9, 114 S.Ct. at 2373 n. 9 (1994)

The inevitable conclusion that Benson presents the same issues in his habeas and § 1983 actions, when viewed in the light of federal-state comity concerns and the holding of *Heck*, compels the further conclusion that Benson's § 1983 action is not cognizable, unless Benson can prove that his sentence, or more specifically the calculation of the duration of his sentence, has been invalidated by a state tribunal or impugned by the grant of federal habeas relief.

## B. Exhaustion

■ The explicit language of the federal habeas corpus statute requires a petitioner to exhaust available state remedies before filing a petition in federal court. *See* 28 U.S.C. § 2254(b) and (c). Benson contends that he has exhausted his state court remedies by attempting to file a petition for a writ of habeas corpus in the Law Division of the Superior Court of New Jersey, Union County. Benson states that this is "[t]he only [State] remedy available ... to address the issues." Petitioner's Response Brief at 7. Benson is mistaken. As noted above, decisions of the Parole Board are reviewable in the Appellate Division of the Superior Court of New Jersey.[7] Nor may this court excuse the exhaustion requirement simply because the petitioner has attempted to address a petition for state habeas relief to the improper authority. *See Ex Parte Hawk*, 321 U.S. 114, 116, 64 S.Ct. 448, 449–50, 88 L.Ed. 572 (1944) (application for an extraordinary writ of habeas corpus does not serve to exhaust state remedies where the normal appellate channels for review were available).

It is clear from the face of Benson's petition that he has not exhausted his state remedies before either the Appellate Division of the Superior Court of New Jersey, or the NJSPB's own administrative appeals process. It is not clear from his petition that Benson has even sought administrative review of the

(noting that federal rules of preclusion are " 'almost entirely judge-made' " and thus, may "take account of the policy embodied in § 2254(b)'s exhaustion requirement that state courts be given the first opportunity to review constitutional claims bearing upon state prisoners' release from custody.") (quoting Paul M. Bator, et al., *Hart & Wechsler's The Federal Courts and The Federal System* 1598 (3d ed. 1988)).

Parole Board's alleged failure to grant him a timely hearing. Surely Benson's allegation that the Law Division improperly failed to consider his state habeas petition, between May 1, 1996, and July 22, 1996, cannot amount to "inordinate delay" such as would excuse the exhaustion requirement. *See Story v. Kindt*, 26 F.3d 402, 405 (3d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 593, 130 L.Ed.2d 506 (1994); *Carter v. Vaughn*, 62 F.3d 591, 594 (3d Cir.1995).

In view of petitioner's apparent failure to challenge his parole eligibility date, as calculated by the Parole Board, through the administrative review process, or through the appropriate state appellate process, much less any assertion that such review has been concluded on the merits, "any current action by this Court would be premature and wholly at odds with Section 2254." *United States v. Flannigan*, No. 91 C 7770, 1991 WL 278467 *1 (N.D.Ill. Dec. 23, 1991); *see also Rose*, 455 U.S. at 522, 102 S.Ct. at 1205. Accordingly, Benson's habeas petition will be dismissed for failure to exhaust available state remedies. A dismissal for failure to exhaust, however, is without prejudice, and Benson may, if he chooses, refile his petition with this court after he has exhausted his state remedies. In dismissing Benson's petition, this court intimates no view regarding the merits of the claims contained therein.

## IV. Conclusion

Benson's habeas petition will be dismissed because he has failed to exhaust his state remedies. Likewise, because Benson seeks to attack the duration of his sentence in his § 1983 suit, and because his claim that the Parole Board acted illegally has not been vindicated in either a state appellate proceeding or federal habeas proceeding, Benson's § 1983 suit must also be dismissed without prejudice.[8]

7. *See supra* note 2.

8. The dismissal is without prejudice, because Benson's § 1983 cause of action has not yet arisen. Such a cause of action depends on Benson demonstrating that his sentence, or more specifically the calculation of the duration of his sentence, has been invalidated by a state tribunal or impugned by the grant of federal habeas re-

## ORDER

This matter having come before the Court on the motion of the Respondents, New Jersey State Parole Board, *et al.*, to dismiss the petition for a writ of habeas corpus in Civil Action No. 96–3599, and on the motion of Defendants, Mary Keating DiSabato, *et al.*, for summary judgment in Civil Action No. 96–3944 on Benson's claims under § 1983, Henry A. Benson, appearing *pro se*, and Jennifer L. Kleppe, Esq., Deputy Attorney General of New Jersey, appearing on behalf of the Respondents/Defendants; and,

The Court having considered the motions, and the papers filed in support thereof and in opposition thereto, as well as the petition and the complaint, for the reasons set forth in this Court's OPINION filed concurrently with this ORDER;

It is on this 6th day of December, 1996, ORDERED that:

1. The within actions, docketed as Civil Actions Nos. 96–3599 and 96–3944, are consolidated for all purposes in this court;

2. The Respondents' motion to dismiss in Civil Action No. 96–3599 is GRANTED and the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE, based upon the Petitioner's failure to exhaust state court remedies;

3. The Petitioner's Response to the Respondents' motion in Civil Action No. 96–3599, styled a Cross Motion to Grant Benson's Writ of Habeas Corpus Petition, is DISMISSED;

4. The motion of Defendants, Mary Keating DiSabato, *et al.*, in Civil Action No. 96–3944 for summary judgment on Benson's claims under § 1983, is DISMISSED WITHOUT PREJUDICE and the Complaint in this action is DISMISSED WITHOUT PREJUDICE, with permission to refile if and when Plaintiff can demonstrate that the Parole Board's determination of the duration of his sentence has been reversed, expunged, in-

lief. *See Heck*, 512 U.S. at ——, 114 S.Ct. at 2372. Because Benson's § 1983 complaint will be dismissed for lack of subject matter jurisdiction, it is unnecessary to reach the arguments

validated, or impugned by the grant of a writ of habeas corpus.

raised by the defendants in their motion for summary judgment, and that motion too will be dismissed without prejudice.