**James JOHNSON, Plaintiff,**

v.

**Mario PAPAROZZI, Chairman, New Jersey Parole Board, et al., Defendants.**

**Civil No. 02–2942(WGB).**

United States District Court, D. New Jersey.

Sept. 16, 2002.

James Johnson, Rahway, NJ, pro se.

Tamara L. Rudow, Department of Law and Public Safety, Division of Law, Trenton, NJ, for Defendants.

## OPINION

BASSLER, District Judge.

Plaintiff, James Johnson ("Johnson"), currently incarcerated at East Jersey State Prison, Rahway, New Jersey, seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his civil and constitutional rights. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether the plaintiff states cognizable claims or whether the complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.

### BACKGROUND

In 1975, plaintiff James Johnson was convicted and sentenced to 52 to 70 years for rape and other related offenses. (Complaint, ¶ 9). Since 1988, Johnson has been attempting to be released on parole.

Parole hearings occurred in 1989, 1990, 1992, 1994, 1995, 2000, 2001, and 2002. (Complt., ¶¶ 16, 17, 24, 27, 30, 32, 35, 43, 49).

In 1990, a three-member panel of the New Jersey Parole Board ("NJPB") issued plaintiff a future eligibility term ("FET") of 120 months. (Complt., ¶ 18). Plaintiff appealed the FET to the New Jersey Superior Court, Appellate Division, who remanded the case for reconsideration of the FET. (Complt., ¶ 23). In 1992, the NJPB issued an FET of 96 months. (Complt., ¶ 24). In 1995, after being denied parole, the plaintiff was given a 72 month FET. (Complt., ¶ 36). In 2001, after again being denied parole, the plaintiff was issued a 120 month FET. (Complt., ¶ 44).

Sometime before 1992, the plaintiff filed a § 1983 action challenging the delay of an exceptional progress hearing by the NJPB until after the plaintiff's first parole board hearing. (Complt., ¶ 21). Plaintiff's claims were denied as moot. (Complt., ¶ 22).[1] In 1994, the plaintiff filed a second § 1983 action, which was dismissed without prejudice. (Complt., ¶ 31). Plaintiff also filed a habeas corpus petition in 1995. (Complt., ¶ 37). The petition was denied for failure to exhaust state remedies. (Complt., ¶ 38). In addition to these actions, the plaintiff filed numerous appeals to the NJPB and the Appellate Division for his various parole denials and impositions of FETs. (Complt., ¶¶ 19, 20, 25, 29, 45, 48).

The plaintiff now seeks injunctive relief and monetary damages based upon the following arguments:

1. The NJPB has unconstitutionally imposed FETs outside of its own guidelines. (Complt., ¶ 52);

2. "The decisions of the NJPB to impose FETs of 120 months, 96 months, 72 months, and then 120 months again, absent any guidelines for the imposition of such FETs which *differs* from the date otherwise established by the schedule pursuant to *N.J.S.A.* 30:4–123.56, is unconstitutional." (Complt., ¶ 54);

3. The actions of the NJPB in failing to provide timely hearings and failing to render timely decisions,. then "covering up those actions by outrageous FETs" is unconstitutional. (Complt., ¶ 55);

4. The actions of the NJBP are a "continuous flagrant abuse of power, vindictive, unconstitutional, and are likely to continue without intervention of this Court." (Complt., ¶ 56);

5. The actions of the NJPB are vindictive and are imposed in retaliation for plaintiff's various lawsuits and appeals. (Complt., ¶ 57);

6. The actions of the NJPB deny the plaintiff equal protection of the laws because the NJPB has released convicted murderers who were sentenced to the death penalty, (Complt., ¶ 58), as well as "white inmates who were either friends and acquaintances with members of the NJPB, or relatives of political and/or judicial officials." (Complt., ¶ 60).

The plaintiff asks that this Court issue declaratory judgments stating that the NJPB violated plaintiff's due process rights by conducting late parole hearings and issuing late decisions, that the NJPB's "unbridled discretion" in setting FETs is unconstitutionally vindictive, and that the decisions of the NJPB have been arbitrary

---

1. *See Johnson v. Fauver,* 786 F.Supp. 442 (D.N.J.1992), *aff'd* 970 F.2d 899 (3d Cir. 1992).

and capricious against the plaintiff and violative of his equal protection rights. (Complt., ¶¶ 62–66). Additionally, plaintiff seeks declaratory judgment that the increase of his FET from 72 months to 120 months in March 2001 was arbitrary, capricious, and vindictive, "and done to make the NJPB's denial of plaintiff's right to a timely hearing moot." (Complt., ¶ 67). Further, plaintiff seeks injunctive relief ordering the NJPB to grant him immediate release on parole. (Complt., ¶ 69). He also asks for an injunction to force the NJPB to establish a schedule for release for when it decides to go outside of the guidelines for imposing an FET. (Complt., ¶ 70). Finally, plaintiff seeks punitive damages in the amount of $10.00 per day for every day of incarceration from the first day he became eligible for parole in 1989. (Complt., ¶ 68).

## DISCUSSION

### A. Section 1915 Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act ... many of which are routinely dismissed as legally frivolous." *Santana v. United States*, 98 F.3d 752, 755 (3d Cir.1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, lend credit to a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

Section 1915A requires the Court to dismiss any actions in which a prisoner seeks redress from a governmental entity or employee that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (interpreting the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *See Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir.1995).

A *pro se* complaint may be dismissed for failure to state a claim only if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines*, 404 U.S. at 521, 92 S.Ct. 594 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir.1981). Finally, a complaint may be dismissed if it seeks monetary relief from a defendant who is immune from such relief.

### B. 42 U.S.C. § 1983

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional

rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir.1994). Liberally construing the plaintiff's complaint, the plaintiff alleges that his Fourteenth Amendment due process and equal protection rights have been violated by the defendants.

### C. *Parole*

■ There is no federal constitutional right to parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Prevard v. Fauver*, 47 F.Supp.2d 539, 545 (D.N.J.1999). Nevertheless, the Third Circuit has held that "once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not

being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir.1980); *Watson v. DiSabato*, 933 F.Supp. 390, 393 (D.N.J.1996)(prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

■ Therefore, prisoners have a substantive due process right in being treated fairly during the parole process. *See Jubilee v. Horn*, 975 F.Supp. 761, 764–65 (E.D.Pa.1997), *aff'd* 151 F.3d 1025 (3d Cir. 1998); *see also Bermudez v. Duenas*, 936 F.2d 1064, 1067 (9th Cir.1991)(recognizing that "early release statutes can create 'a liberty interest protected by due process guarantees' ")(quoting *Greenholtz*, 442 U.S. at 12, 99 S.Ct. 2100). In *Watson v. DiSabato*, this Court noted that the New Jersey Parole Act created a liberty interest for prisoners in receiving an FET when denied parole. 933 F.Supp. at 394.

### D. *Plaintiff's Request for Release and for Punitive Damages.*

To the extent that plaintiff seeks release from imprisonment, his claims will be dismissed for failure to state a claim upon which relief may be granted.

In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. 1827. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Court addressed a corollary question to that presented in *Preiser*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under

§ 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87, 114 S.Ct. 2364 (footnote omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90, 114 S.Ct. 2364.

More recently, in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court applied the lessons of *Preiser* and *Heck* to a state prisoner action which sought compensatory and punitive damages. The action challenged the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but did not necessarily challenge the result and did not seek the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, in that case, the disciplinary finding and punishment. *See id.* at 646–48, 117 S.Ct. 1584. Furthermore, the Supreme Court extended *Heck*

to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which would necessarily imply unlawful confinement. *See id.* at 648, 117 S.Ct. 1584.

In *Benson v. New Jersey State Parole Board,* 947 F.Supp. 827 (D.N.J.1996), the petitioner sought both a writ of habeas corpus and declaratory relief and punitive damages under § 1983 for allegations that he had been denied a timely parole hearing, and that his parole eligibility date had been miscalculated. *See id.* at 828. The Court held that a decision in Benson's favor would "necessarily entail a determination of Benson's proper initial parole eligibility date." *Id.* at 832. Further, the Court determined that Benson's suit was an attack on the duration of confinement because he sought to "correct" his parole eligibility records by way of declaratory judgment. *See id.* (citations omitted). Because Benson ultimately sought an earlier parole eligibility date, his claims were reviewable by habeas petition. *See id.* (citation omitted).

█ Therefore, plaintiff's complaint will be dismissed insofar as it seeks to challenge the duration of his sentence, as he must bring such a claim in a petition for a writ of habeas corpus. Accordingly, plaintiff's request for immediate parole and for punitive damages, as well as plaintiff's request for declaratory judgment that the NJPB's "unbridled discretion in setting FETs in his case is unconstitutionally vindictive," and plaintiff's request for declaratory judgment that the increase of his FET to 120 months from 72 months in 2001, will be dismissed, as these claims challenge the duration of his incarceration.

### E. *Plaintiff's Remaining Claims.*

█ A claim may be properly brought as a § 1983 action when the plaintiff is neither seeking an earlier parole eligibility date, nor challenging the parole board's

calculation of his eligibility date. *See Salaam v. Consovoy*, No. 99–CV–5692, 2000 WL 33679670 at *2 (D.N.J. April 14, 2000)(distinguishing *Benson* because a favorable result in plaintiff's § 1983 suit would not lead to his release or to an earlier parole eligibility date). For example, when a dispute "goes only to the manner in which the Board has considered plaintiff's parole, and [when] plaintiff does not claim that the review process must actually lead to his parole or to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983." *Johnson v. Fauver*, 786 F.Supp. 442, 445 (D.N.J.1992), *aff'd* 970 F.2d 899 (3d Cir. 1992); *see also Georgevich v. Strauss*, 772 F.2d 1078, 1086 (3d Cir.1985), *cert. denied* 475 U.S. 1028, 106 S.Ct. 1229, 89 L.Ed.2d 339 (1986) (suit properly brought under § 1983 when it sought only the equal application of statutory procedures, not plaintiffs' release from incarceration); *Heck*, 512 U.S. at 482–83, 114 S.Ct. 2364 (no bar to a § 1983 suit alleging that the State used "wrong procedures" as opposed to allegations that the State issued "wrong result").

In the case at issue, the plaintiff seeks declaratory judgment that the NJPB violated his due process rights by late parole hearings and decisions. (Complt., ¶¶ 62–63). Further, plaintiff seeks an injunction ordering the NJPB "to establish a schedule for release when it decides to go outside the guidelines for imposing an FET which differs from the date otherwise established by *N.J.S.A.* 30:4–123.56, so as not to allow arbitrary and capricious FETs in violation of due process." (Complt., ¶ 70). Finally, the plaintiff seeks a declaration that the NJPB violated the Equal Protection Clause of the Fourteenth Amendment. (Complt., ¶ 66).

### 1. *Late Hearings and Decisions*

Plaintiff's claim that he was subjected to late hearings and decisions by the NJPB

challenges the procedure of the parole decisions, but not the decision itself or his confinement. *See Burgos v. New Jersey State Parole Board*, No. Civ. 99–3034(AET), 2000 WL 33722126 at *7 (D.N.J. August 7, 2000). However, due process "does not include receiving a parole hearing in exact accordance with the specific time period required by *N.J.S.A.* 30:4–123.55(c)." *Id.* at *8. While extensive delay in holding a hearing may violate a prisoner's due process rights, "procedural errors are generally cured by holding a new hearing in compliance with due process requirements." *Id.* at *8–9 (citations omitted).

In the case at bar, the plaintiff has been afforded the opportunity to be heard through participation in numerous hearings. Therefore, any procedural errors were cured by holding new hearings, and the plaintiff fails to state a claim under § 1983 as to this allegation.

### 2. *FET Guidelines*

Plaintiff next argues that the NJPB's decisions to impose FETs beyond 36 months is unconstitutional. (Complt., ¶ 64). The New Jersey Administrative Code states as follows:

(a) Upon determining to deny parole to a prison inmate, a two-member adult Board panel shall, based upon the following schedule, establish a future parole eligibility date upon which the inmate shall be primarily eligible for parole.

1. Except as provided herein, a prison inmate serving a sentence for . . . aggravated sexual assault . . . shall serve 27 additional months.

\* \* \*

(c) The future parole eligibility dates required pursuant to (a) . . . above may be

increased or decreased by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment.

(d) A three-member Board panel may establish a future parole eligibility date which differs from that required by the provisions of (a) . . . and (c) above if the future parole eligibility date which would be established pursuant to such subsections is clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior. In making the determination that the establishment of a future parole eligibility date pursuant to (a) . . . and (c) above is clearly inappropriate, the three-member panel shall consider the factors enumerated in *N.J.A.C.* 10A:71–3.11.

*N.J.A.C.* 10A:71–3.21. Liberally construing the plaintiff's complaint, the plaintiff's statement that FETs imposed beyond 36 months are unconstitutional stems from sections (a) and (c) above, that is, the allowable 27 months (section (a)) plus a possible 9 month increase by a two-member panel (section (c)). However, section (d) establishes that a three-member panel may increase the FET in certain circumstances. In doing so, the three-member panel *shall consider* the factors enumerated in *N.J.A.C.* 10A:71–3.11. There are 23 factors listed that the parole board panel must consider.

The plaintiff sets forth no facts or legal arguments in support of his contention that *N.J.A.C.* 10A:71–3.21(d) is unconstitutional. Because the Code requires that the list of 23 factors be considered in increasing the FET beyond 36 months, the plaintiff does not support his factual allegation that there are no "established guidelines" for the NJPB to make the determination to increase the FET. There-

fore, plaintiff's argument that the NJPB's establishment of FETs over 36 months is unconstitutional will be dismissed for failure to state a claim upon which relief may be granted.

### 3. *Equal Protection*

The Equal Protection Clause of the Fourteenth Amendment provides that no state "shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. Pursuant to the mandate of the Equal Protection Clause, a state "must govern impartially," *New York City Transit Authority v. Beazer*, 440 U.S. 568, 587, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979), and ensure that all persons similarly situated are treated alike. *See Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1267 (3d Cir. 1996). "An equal protection claim arises when an individual contends that he is receiving different treatment from that received by other individuals similarly situated." *Kuhar v. Greensburg–Salem School Dist.*, 616 F.2d 676, 677 n. 1. (3d Cir.1980). Thus, when a state "adopts a rule that has a special impact on less than all persons subject to its jurisdiction," a question arises regarding whether the Equal Protection Clause has been violated. *Id.* at 587–88, 99 S.Ct. 1355; *Alexander v. Whitman*, 114 F.3d 1392, 1407 (3d Cir.1997). In determining whether such legislation or official action is valid, the general rule is that the legislation or action is presumed valid and will be sustained if the classification is rationally related to a legitimate state interest. *See City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439–40, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

To state a claim based on the Equal Protection Clause, a plaintiff must allege facts which indicate that "the alleg-

edly offensive categorization invidiously discriminates against the disfavored group." *Price v. Cohen,* 715 F.2d 87, 91 (3d Cir.1983). "If legislation neither burdens a fundamental constitutional right nor targets a suspect classification, it will withstand constitutional scrutiny so long as it bears a rational relationship to a legitimate state interest." *Coalition of New Jersey Sportsmen, Inc. v. Christine Todd Whitman,* 44 F.Supp.2d 666, 685 (D.N.J. 1999) (citing *Vacco v. Quill,* 521 U.S. 793, 798–99, 117 S.Ct. 2293, 138 L.Ed.2d 834 (1997); *Romer v. Evans,* 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996)).

In the instant case, plaintiff alleges that he has been denied equal protection of the laws because he is not a "white inmate" who is a friend or acquaintance of a member of the NJPB or other official. (Complt., ¶ 60). The plaintiff also attempts to make an argument that he has been denied equal protection because murderers sentenced to death have been released on parole. (Complt., ¶ 58). The plaintiff includes a list of said convicted murderers who have been released on parole. The plaintiff does not set forth any facts to support his allegation that white inmates who are friends or acquaintances of members of the NJPB are granted parole or treated differently than those members of whichever group he is considered.

The Eastern District of Pennsylvania has noted that "it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics." *Rowe v. Cuyler,* 534 F.Supp. 297, 301 (D.C.Pa.1982), *aff'd* 696 F.2d 985 (3d Cir.1982); *see also Owens v. Ryan,* Civ.A. 98–413–GMS, 2000 WL 1728263 at *8 (D.Del. Apr.10, 2000). In this case, plaintiff's equal protection claims

fail, because the plaintiff has not demonstrated how those persons, allegedly "similarly situated" to him, are receiving more favorable treatment by the parole board, or that he is part of a disfavored group which is being discriminated against. Therefore, plaintiff's equal protection claims will be dismissed for failure to state a claim upon which relief may be granted.

### 4. *Retaliation*

Plaintiff alleges that the Parole Board retaliated against him for exercising his First Amendment right to redress his grievances in his previous civil rights complaints and habeas corpus actions.

It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford–El v. Britton,* 523 U.S. 574, 597, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Milhouse v. Carlson,* 652 F.2d 371, 373–74 (3d Cir.1981). "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." *White v. Napoleon,* 897 F.2d 103, 111–12 (3d Cir. 1990). Proof of a retaliation claim requires that the plaintiff demonstrate that (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *See Anderson v. Davila,* 125 F.3d 148, 160 (3d Cir.1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

Applying this standard to the case, the plaintiff has not stated a claim of retaliation for the exercise of his First Amendment right. Plaintiff has not shown that his filing of the civil rights complaints and habeas corpus petitions was a substantial motivating factor in the Parole Board's decision to deny his parole. The NJPB asked the plaintiff to submit to a psycho-

logical evaluation on two occasions in 1994 and the plaintiff refused. (Complt., ¶¶ 27, 30). In addition, the plaintiff states that in 2001, his military records were obtained by the Board, which showed that plaintiff possessed "criminal and maladaptive behavior" justifying the denial of parole. (Complt., ¶ 47). Thus, the plaintiff sets forth no facts that would lead this Court to conclude that his civil case filings were substantial motivating factors in his being denied parole.

### CONCLUSION

Based upon the foregoing, the plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order accompanies this Opinion.