We have reviewed all other issues raised and find them to be without merit.

Accordingly, the determination of the Civil Service Commission is modified by disallowing from the back pay awarded to appellant the amounts awarded for pay for vacations, holidays, administrative leave and overtime and, as so modified, is affirmed.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. MICHAEL VON GRAEVENITZ, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 16, 1980—Decided October 15, 1980.

Before Judges MICHELS, ARD and FURMAN.

*T. Gary Mitchell*, Assistant Deputy Public Defender, argued the cause for appellant (*Stanley C. Van Ness*, Public Defender, attorney; *John M. Cannel*, Assistant Public Defender, of counsel and on the brief).

*Carol M. Henderson*, Deputy Attorney General, argued the cause for respondent (*John J. Degnan*, Attorney General, attorney; *Debra L. Stone*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

FURMAN, J. S. C. (temporarily assigned).

Defendant appeals from the denial of his motion for a resentence under the Code of Criminal Justice, *N.J.S.A.* 2C:1–1 d(2). The three–judge resentencing panel, which was constituted by a directive of the Supreme Court (see 104 *N.J.L.J.* 489 (December 6, 1979)), determined that defendant had failed to demonstrate good cause for resentencing, a statutory prerequisite.

*N.J.S.A.* 2C:1–1 d(2) provides:

Any person who is under sentence of imprisonment on the effective date of the code for an offense committed prior to the effective date which has been eliminated by the code or who has been sentenced to a maximum term of imprisonment for an offense committed prior to the effective date which exceeds the maximum established by the code for such an offense and who, on said effective date, has not had his sentence suspended or been paroled or discharged, may move to have his sentence reviewed by the sentencing court and the court may impose a new sentence, for good cause shown as though the person had been convicted under the code, except that no period of detention or supervision shall be increased as a result of such resentencing.

Defendant was convicted of lewdness in violation of *N.J.S.A.* 2A:115–1 on a *retraxit* plea of guilty in September 1978 and sentenced under the Sex Offender Act, *N.J.S.A.* 2A:164–3, to an indeterminate maximum three–year term to be served at the Adult Diagnostic and Treatment Center as a repetitive and compulsive sex offender.

He sought a determination by the resentencing panel that the equivalent or congruent offense to lewdness under *Title* 2A is lewdness, *N.J.S.A.* 2C:14–4, under the Code, a disorderly persons offense punishable by a maximum six–month term in county jail and not subject to commitment to the Adult Diagnostic and Treatment Center (*N.J.S.A.* 2C:47–1).

Defendant admitted that he ran into a grocery store naked after observing a young female employee and no customers, that he offered her money to telephone the police and that she hit him and knocked his glasses off. The store employee stated to the police that after entering the store naked defendant asked her to show him one of her breasts, grabbed her and forced her down and that she fought back and knocked off his glasses before he fled.

The resentencing panel did not reach the issue whether defendant's equivalent offense had been downgraded in the Code, in view of its determination that defendant had clearly failed to demonstrate good cause for resentencing.

The most recent Adult Diagnostic and Treatment Center report in October 1979 expressed the conclusions that defendant was potentially assaultive, and because of anger, resistance and lack of motivation, was not benefitting from therapy. The report referred to his long history of exposing himself and concluded that "continued retention is necessary" despite his lack of cooperation.

Defendant argues, in effect, that he has a statutory right to a resentence because the maximum term of imprisonment for the *Title* 2A crime of which he was convicted exceeds the maximum term of imprisonment for the equivalent crime under the Code. According to this argument, disparity in sentence is sufficient good cause to meet the statutory prerequisite.

We disagree. According to the legislative intent expressed in a statement of the Senate Judiciary Committee, the imposition of a resentence was to be discretionary rather than mandatory. *Statement of Senate Judiciary Committee to S738,* May 15, 1978,

at 1–2. We are of the view that the phrase "good cause" is not surplusage and that defendant in moving for a resentence has the burden of showing good cause beyond mere disparity in sentence between *Title* 2A and the Code.

That burden defendant failed to meet. Rather, his history as a repetitive and compulsive sex offender, his resistance to therapy, his assaultive tendencies and the serious risk that he would commit another offense if released, amply support the determination of the resentencing panel that good cause was not shown for his resentencing.

On appeal defendant also contends that the panel erred in not terminating his commitment to the Adult Diagnostic and Treatment Center and transferring him to State Prison or to the Youth Correctional Center, an issue raised in his motion for a resentence but not ruled on by the panel.

Under *N.J.S.A.* 2C:1–1 d(1) the provisions of the Code governing treatment of prisoners "shall apply" to persons under sentence for offenses committed prior to the Code's effective date. Because persons convicted of lewdness under the Code are no longer eligible for specialized treatment at the Adult Diagnostic and Treatment Center, defendant argues that by operation of *N.J.S.A.* 2C:1–1 d(1) he is entitled to recommitment other than to the Center.

We do not construe *N.J.S.A.* 2C:1–1 d(1) or the directive of the Supreme Court constituting the resentencing panel as vesting that panel with jurisdiction over defendant's application for termination of treatment as a sex offender convicted under *Title* 2A and committed to the center under the Sex Offender Act. The panel's jurisdiction is limited to resentencing under *N.J.S.A.* 2C:1–1 d(2), which expressly provides for judicial review upon motion for a resentence. Significantly, there is no provision in *N.J.S.A.* 2C:1–1 d(1) for a judicial proceeding to terminate or modify treatment to conform to the treatment provisions of the Code.

The directive of the Supreme Court of October 18, 1979 established the resentencing panel to hear and determine motions for sentence review under the code. A subsequent directive of November 29, 1979 provided for review by the panel of applications for resentencing under *N.J.S.A.* 2C:1–1 d(2), even though a trial judge had already acted on such an application. These directives make no reference to *N.J.S.A.* 2C:1–1 d(1) or to any authority in the panel to review treatment of prisoners. The resentencing panel was established to carry out a specific judicial assignment to assure statewide uniformity in resentencing under the code. Its limited jurisdiction cannot be extended by implication. *State v. Epstein*, 175 *N.J.Super.* 93 (1980) is in accord, the resentencing panel there concluding that it lacked jurisdiction to consider a resentence application under *N.J.S.A.* 2C:1–1 c(2).

We reject defendant's contention that the resentencing panel, irrespective of its denial of his motion for a resentence, erred in not terminating his treatment as a sex offender under *N.J.S.A.* 2C:1–1 d(1).

We affirm.