178 N.J. Super. 386 (1981)
429 A.2d 381
MARTIN SAVAD, APPELLANT,
v.
DEPARTMENT OF CORRECTIONS, RESPONDENT. MICHAEL VON GRAEVENITZ, APPELLANT,
v.
DEPARTMENT OF CORRECTIONS, RESPONDENT. CLIFFORD EMMITT, APPELLANT,
v.
DEPARTMENT OF CORRECTIONS, RESPONDENT. FREDERICK W. TRESIZE, APPELLANT,
v.
DEPARTMENT OF CORRECTIONS, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 1981.
Decided March 26, 1981.
*387 Before Judges ALLCORN, PRESSLER and FURMAN.
John M. Cannel, Deputy Public Defender, argued the cause for appellant Savad (Stanley C. Van Ness, Public Defender, attorney; T. Gary Mitchell of counsel and on the brief).
T. Gary Mitchell, Assistant Deputy Public Defender, argued the cause for appellants Von Graevenitz and Tresize (Stanley C. Van Ness, Public Defender, attorney).
Leigh B. Bienen, Assistant Deputy Public Defender, argued the cause for appellant Emmitt (Stanley C. Van Ness, Public Defender, attorney).
*388 Erminie L. Conley, Assistant Attorney General, argued the cause for respondent (John J. Degnan, Attorney General, attorney).
The opinion of the court was delivered by FURMAN, J.S.C. (temporarily assigned).
The issue on these four consolidated appeals from orders of the Department of Corrections is whether appellants, who were sentenced under the Sex Offender Act, N.J.S.A. 2A:164-3 et seq., are eligible for work and good behavior credits under N.J.S.A. 30:4-92 and 30:4-140 and, if so, on what date. Sex offenders sentenced under the Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq., which was effective on September 1, 1979 and which repealed the Sex Offender Act, are eligible for work and good behavior credits in remission of time from their sentences. Repealed N.J.S.A. 2A:164-10 provided:
No statute relating to remission of sentence by way of commutation time for good behavior and for work performed shall apply to any such person committed pursuant to section 2A:164-6 of this title, but provision may be made for monetary compensation in amount to be prescribed by the state board of control of institutions and agencies, in lieu of remission of sentence for work performed.
Appellants Savad and Emmitt were resentenced under the Code by the three-judge resentencing panel which was constituted by a directive of the Supreme Court (see 104 N.J.L.J. 489 (December 6, 1979)), upon a determination by the panel pursuant to N.J.S.A. 2C:1-1 d(2) that the maximum terms of imprisonment for the Title 2A crimes of which they were convicted exceeded the maximum terms of imprisonment for the equivalent or congruent offenses under the Code.
Appellant Emmitt has been released under parole supervision pursuant to N.J.S.A. 2C:47-5. On the appeal before us he contends that he is entitled to good behavior credits from the date of his sentence under Title 2A in 1965 and to work credits from the effective date of the Code, recognizing that he received monetary compensation in lieu of remission of sentence for work performed prior thereto. Appellant Savad seeks both work and *389 good behavior credits from the date of his sentence under Title 2A in 1973. The State concedes that appellants Savad and Emmitt are eligible for work and good behavior credits as of the dates of their resentences under the Code[1] in March 1980 but disputes their eligibility prior thereto.
Appellant Von Graevenitz's motion for a resentence under the Code was denied because he failed to establish good cause for resentencing beyond mere disparity between his maximum term under Title 2A and the maximum term for the equivalent or congruent offense under the Code. We affirmed in State v. Von Graevenitz, 176 N.J. Super. 210 (App.Div. 1980), certif. den. 85 N.J. 495 (1981).
Appellant Tresize has not applied for resentencing under the Code. On this appeal both appellants Von Graevenitz and Tresize contend that they are entitled to work and good behavior credits from the effective date of the Code. The Department of Corrections barred them from eligibility for commutation credits, in accordance with repealed N.J.S.A. 2A:164-10.
All four appellants were committed under the Sex Offender Act to the Adult Diagnostic and Treatment Center at Avenel for terms without minimums and with fixed maximums, as repetitive and compulsive sex offenders. The resentences of appellants Savad and Emmitt continued their commitments there. All four appellants have been subject to specialized in-patient treatment and therapy. Under N.J.S.A. 2A:164-8, now repealed, they were eligible for release under parole supervision, at any time after their confinement, upon determination by the State Parole Board with the recommendation of the Special Classification Review Board that they were "capable of making an acceptable social adjustment in the community." The identical administrative procedure and standard for release of sex *390 offenders is in effect in N.J.S.A. 2C:47-5, which governs sex offenders committed under the repealed Sex Offender Act as well as those committed under the Code. The provisions of the Code for release or discharge of prisoners are applicable to those under sentence for offenses committed prior to its effective date, in accordance with N.J.S.A. 2C:1-1 d(1).
In denying eligibility for commutation credits to appellants, except upon resentencing under the Code, the Department of Corrections viewed the bar against such credits in N.J.S.A. 2A:164-10 as integral to appellants' pre-Code sentences.
We agree with that conclusion. Progress through treatment and therapy to an acceptable social adjustment was the legislative goal of the repealed Sex Offender Act. Upon satisfactory rehabilitation from their aberrations pre-Code sex offenders, such as appellants, were immediately eligible for parole. At the other extreme, their maximums were those fixed by law for the crimes of which they were convicted.
Their terms of confinement were thus bounded: release at any time upon satisfactory rehabilitation and social adjustment up to the statutory maximum term of imprisonment. The disqualification from work and good behavior credits in N.J.S.A. 2A:164-10 was integral to their sentences, assuring special confinement and treatment for the protection of society as well as of the offenders themselves, until satisfactory rehabilitation and social adjustment, but, in no event, beyond the statutory maximum. State v. Wingler, 25 N.J. 161, 175 (1957).
As stated in State v. Mickschutz, 101 N.J. Super. 315 (App.Div. 1968):
The purpose of the act is cure of a defendant. That is the prime justification for the provision of the act that, regardless of the circumstances of the offense or the willingness of the victim, a defendant is subject to confinement until he is "capable of making an acceptable social adjustment in the community," even though that be for the period equal to that provided by law as the maximum punishment for the crime of which he was convicted. This may be for as much as 30 years for a single offense and for longer than the facts would have warranted if he had been sentenced as a criminal not subject to the act. State v. Johnson, [91 N.J. Super. 426 (App.Div. 1966)] at p. 433. From this it follows that *391 justice requires and the Legislature intended that defendant be released on parole as soon as, pursuant to N.J.S. 2A:164-8, he is found to be so capable by the State Parole Board, after recommendation by the Special Classification Review Board.
State v. Wingler, supra, sustained the constitutionality of a separate system of confinement and treatment of sex offenders as a reasonable classification, including their disqualification from work and good behavior credits. That holding governs and forecloses the general constitutional attack in the consolidated appeals before us.
The enactment and taking effect of the Code did not, in itself, reduce or otherwise affect pre-Code sentences. The reduction of pre-code sentences may be accomplished under N.J.S.A. 2C:1-1 d(2), but only upon motion with a showing of disparity in sentences for equivalent or congruent offenses, as the result of downgrading in the Code, and of good cause for resentencing. State v. Johnson, 176 N.J. Super. 1, 7-8 (App.Div. 1980) certif. granted, 85 N.J. 494 (1981).
Appellants Von Graevenitz and Tresize, who have not been resentenced under the Code, continue to serve sentences under the Sex Offender Act, integral to which is the bar against work and good behavior credits. Just as the Code did not reduce their maximum terms, it did not modify their sentences by granting them eligibility for commutation credits under N.J.S.A. 30:4-92 and 30:4-140.
The final issue to be resolved is the date on which appellants Savad and Emmitt, who have been resentenced under the Code, became eligible for work and good behavior credits; the dates of their resentences in March 1980, as the State concedes, or the dates of their original sentences, as these two appellants urge, as if they had been initially convicted and sentenced under the Code.
The sentencing provisions of the Code took effect on the effective date of the Code and have no express retroactive application to pre-Code sentences. Moreover, N.J.S.A. 2C:98-1, *392 governing construction of the Code, forecloses appellants' argument by incorporating N.J.S.A. 1:1-15, which provides that liabilities and penalties imposed under any repealed act are not affected by the repealer unless expressly so declared. There is no such declaration in the Code as to the Sex Offender Act or, specifically, N.J.S.A. 2A:164-10.
In repealing N.J.S.A. 2A:164-10[2] the Code prospectively altered the statutory scheme for confinement of sex offenders. Those sentenced under the Code to the Adult Diagnostic and Treatment Center are immediately eligible for work and good behavior credits. But a construction that the legislative intent was to extend eligibility retroactively to the date of the original sentences of those resentenced under N.J.S.A. 2C:1-1 d(2) is not supported by any express provision or necessary implication of the Code.
We reject these two appellants' argument that, because of their resentencing under the Code, they are eligible for work and good behavior credits from the dates of their original sentences. Alternatively, they argue that they should be eligible for such commutation credits from the effective date of the Code, upon the premise that the benefit of resentencing under the Code should be retroactive to its effective date.
That alternative argument has force. Arbitrary differentials in eligibility for work and good behavior credits would otherwise result among the class of pre-Code sex offenders resentenced under N.J.S.A. 2C:1-1 d(2). Their dates of resentence have been advanced or delayed, contingent upon when, individually, they learned of the statutory right to move for a resentence and upon the case load before the resentencing panel as it affected the time interval between the filing of their motions and their resentences. In addition, committed sex offenders who had *393 appeals pending on the effective date of the Code were barred from moving for resentencing under the Code, without an order for remand, until final disposition of their appeals.
We hold that appellants Savad and Emmitt are eligible for work and good behavior credits under N.J.S.A. 30:4-92 and 30:4-140, which should be calculated from the effective date of the Code.
We affirm the administrative orders denying eligibility for work and good behavior credits to appellants Von Graevenitz and Tresize. We modify the administrative orders denying eligibility for work and good behavior credits to appellants Savad and Emmitt prior to the dates of their resentences and direct that their eligibility for such credits should be fixed as of the effective date of the Code of Criminal Justice. We do not retain jurisdiction.
NOTES
[1] In so conceding the State recognizes determinate sentences for a fixed term of years under the Code as the functional equivalent of sentences for a minimum-maximum term within the express provision of N.J.S.A. 30:4-140.
[2] A statutory provision substantially identical to N.J.S.A. 2A:164-10 was enacted as part of the Code in N.J.S.A. 2C:47-6, but was repealed by L. 1979, c. 178, § 147, prior to the effective date of the Code.