190 N.J. Super. 21 (1982)
461 A.2d 1177
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1982.
Decided December 15, 1982.
*22 Before Judges KING and McELROY.
Leigh B. Bienen, Assistant Deputy Public Defender, argued the cause for appellant (Joseph H. Rodriguez, Public Defender of New Jersey, attorney).
Deborah Collins, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KING, J.A.D.
This is an appeal from the denial of resentencing by the Resentencing Panel where defendant was sentenced as a sex offender under Title 2A and now wishes to be resentenced under Title 2C. The Panel denied resentencing for lack of "good cause" under N.J.S.A. 2C:1-1d(2).
Defendant had pleaded guilty to charges of rape, N.J.S.A. 2A:138-1, and abduction, N.J.S.A. 2A:86-2, in December 1976. Seven counts of the indictment, including charges of armed robbery, assault and possession of drugs, were dismissed as a result of the plea agreement. In January 1977 appellant was examined at the Adult Treatment and Diagnostic Center (Avenel). During this interview he admitted a prior rape. He was classified as a repetitive, compulsive offender under the Sex Offenders Act, N.J.S.A. 2A:164-3 et seq., and was sentenced to an aggregate 30-year maximum indeterminate term under that Act pursuant to the plea agreement.
The Title 2A sex offender sentence carried no minimum term and the prisoner was not entitled to good time or work credits. N.J.S.A. 2A:164-10. He would be released on parole only on the recommendation of the special classification review board when it found that he could adjust to the community. N.J.S.A. 2A:164-8.
In June 1981 defendant was transferred from Avenel to Trenton State Prison for disciplinary reasons after a "court line" *23 hearing. The transfer was for a one-year segregation period, but defendant still remains at Trenton State Prison. His counsel on this appeal tells this court that defendant prefers remaining in the general population in Trenton State Prison to a return to Avenel.
Under N.J.S.A. 2C:47-4b the Commissioner of Corrections may transfer a person sentenced as a sex offender under Chapter 47 "out of the Adult Diagnostic and Treatment Center." If he does so, "the conditions of confinement and release" under Chapter 47 no longer govern and the inmate assumes the normal status of any prisoner in general population for purposes of institutional credits and parole consideration. In Formal Opinion 5-1981, rendered July 13, 1981, the Attorney General ruled that N.J.S.A. 2C:47-4b applied only to inmates sentenced or resentenced under Title 2C. An inmate sentenced under Title 2A as a sex offender must still show his ability to adjust to society in accordance with N.J.S.A. 2A:164-8 to obtain release on parole.
On this appeal defendant basically contends that he should be resentenced under Title 2C so that he can obtain the benefit of institutional credits against his 30-year sentence and the standard parole eligibility. See N.J.S.A. 2C:47-4b. The N.J.S.A. 2C:1-1d(2) motion for resentencing was based on the disparity between the 30-year sentence defendant was currently serving for rape and the 20-year maximum under the Code of Criminal Justice (Title 2C) for the congruent offense of aggravated sexual assault. We note that whenever a plea and sentence is negotiated under a multi-count indictment or multiple charges, sentence disparity is a very elusive concept.
We reach several conclusions on the record before us. All concede that defendant met the threshold disparity test. The only issue before the panel was whether "good cause" was established under N.J.S.A. 2C:1-1d(2). Defendant seems to *24 contend that the disparate statutory treatment of Title 2A and Title 2C sex offenders resulting from transfers out of Avenel alone establishes good cause. We reject his contention.
We find no abuse of discretion in refusing to find good cause and affirm for the reasons stated by the Resentencing Panel. Disparity alone is not good cause and should not be viewed in a vacuum. We must also remember that the original sentence resulted from a plea agreement. Defendant's expectations were scrupulously honored by the agreement. Further, problems concerning the location of a prisoner's housing within the correctional system or whether he is receiving appropriate sex-offender treatment may not be remedied by the Resentencing Panel. In State v. Johnson, 88 N.J. 26 (1981), the Supreme Court cited with approval the factors listed by Judge Coleman in his dissent in State v. Johnson, 182 N.J. Super. 1, 8-9 (Resentencing Panel (1981)) (Coleman, J.S.C., dissenting), which govern the Panel's deliberations. Events transpiring after confinement are not relevant to these decisions. See State v. McDermott, 175 N.J. Super. 334, 340 (App.Div. 1980), certif. den. 87 N.J. 332 (1981).
A prisoner is always free to challenge an institutional transfer, a failure to receive treatment, or a classification grievance through an administrative appeal and ultimately an appeal to this court. But the Resentencing Panel is the wrong route. Additionally, the record before us is totally inadequate for any improvisation. See State v. Clark, 54 N.J. 25, 26 (1969); State v. Rydzewski, 112 N.J. Super. 517, 520-521 (App.Div. 1970); R. 2:2-3(a)(2); N.J.A.C. 10A:31-3.6, 3.8.
Defendant has no constitutional right to be resentenced because of the existing disparity. The Legislature, and the Attorney General by formal opinion, effected this disparity. In this context, the differing treatment of prior offenders does not generate any inference of constitutional deprivation. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7, 99 S.Ct. *25 2100, 2103-2104, 60 L.Ed.2d 668 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Ibid.
Defendant is not denied access to the parole system. The Legislature has simply provided a different system for parole for those sentenced under Title 2A, i.e., release on the probability of "acceptable social adjustment in the community" (N.J.S.A. 2A:164-8), rather than release on a fixed date determined largely by institutional adjustment. See Savad v. Corrections Dep't, 178 N.J. Super. 386, 391 (App.Div.), certif. den. 87 N.J. 389 (1981).
We perceive that defendant's real quarrel is with the effect of his administrative transfer. The problem is complicated by defendant's desire to stay at Trenton State Prison rather than return to Avenel or go to Rahway State Prison where some form of sex-offender treatment is available. The treatment at Rahway is alleged, without proof, to be constitutionally inadequate. No treatment is available at Trenton State Prison according to defendant's counsel. Defendant, however, has a right to treatment. See State v. Harvey, 162 N.J. Super. 386, 391-392 (Law Div. 1978), aff'd o.b. 170 N.J. Super. 391 (App.Div. 1979); N.J.S.A. 2A:164-7. Therefore, the Commissioner must formulate and implement a treatment plan or transfer defendant to Rahway or some institution where treatment is available. Presumably, when the Commissioner fulfills his statutory duty to provide a treatment plan, either at Trenton, by transfer to Rahway or otherwise, the defendant's chances of parole will be enhanced.
The decision of the Resentencing Panel is affirmed; the Commissioner is ordered to implement defendant-appellant's right to treatment as a sex offender under N.J.S.A. 2A:164-7. This ruling is without any prejudice to defendant-appellant's right to seek administrative review.