Mark **PREVARD, et al., Plaintiffs,**

v.

**William H. FAUVER, et al., Defendants.**

**Civil Action No. 91–1217.**

United States District Court, D. New Jersey.

April 28, 1999.

Carl Poplar, Poplar and Eastlack, Turnersville, NJ, for Plaintiffs.

Former Attorney General Deborah T. Poritz, Deputy Attorney General Howard J. McCoach, Deputy Attorney General William P. Flahive, N.J. Dept. of Law and Public Safety, Div. of Law, Trenton, NJ, for Defendants.

## OPINION

WALLS, District Judge.

This matter comes before the Court on the motion of defendants William H. Fauver, et al. for a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons below, the motion is granted.

*Factual Background*

Before September 1, 1979, in the state courts of New Jersey, the plaintiffs had been convicted of sexual crimes, such as sodomy or incest, under N.J.S.A. 2A:143-1, et seq., N.J.S.A. 2A:143-2 or N.J.S.A. 2A:114-2. The conduct of each of the plaintiffs was determined in pre-sentence evaluations to be characterized by repetitive and compulsive behavior. The statutes under which the plaintiffs were convicted were later repealed by the Code of Criminal Justice (the "Code"). All of the sex offenses committed by the above plaintiffs are now contained in various provisions of the Criminal Code in either N.J.S.A. 2C:14-1 et seq. or N.J.S.A. 2C:24-1. et seq., which became effective on September 1, 1979.

Under both the former penal statute, N.J.S.A. 2A, and later the Code, N.J.S.A. 2C, any person convicted of sex offenses whose conduct was determined to be characterized by a pattern of repetitive and compulsive behavior is sentenced to a program of specialized treatment. *Compare* N.J.S.A. 2A:164-3 and N.J.S.A. 2C:47-3. However, all persons, such as the present plaintiffs, sentenced as repetitive and compulsive sex offenders pursuant to the former 2A:164-3 received indeterminate terms of confinement in an Adult Diagnostic and Treatment Center ("ADTC") and are not permitted to have their sentences reduced by custodial reduction credits. Offenders sentenced under the present 2C:47-3 receive determinate sentences and are allowed to earn custodial reduction credits.

The plaintiffs argue that inmates sentenced under N.J.S.A. 2A:143 ("Title 2A inmates") should be entitled to work or commutation credits similar to those given to inmates sentenced pursuant to N.J.S.A. 2C:47-1 ("Title 2C inmates"). They claim that denial of this benefit violates the Fifth, Eighth, Fourteenth Amendments and the *Ex Post Facto* clause of the United States Constitution, as well as the New

Jersey Constitution and the Sex Offender and Parole Acts (N.J.S.A. 2A:164–3, et. seq. and N.J.S.A. 30:4–123.45). The defendants now move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

This is a companion case to one filed by Title 2C inmates in *Groves v. Fauver,* Civil Action No. 91–796 (Honorable William G. Bassler), which raised the same issues except for that about work or commutation credits and was settled after motion practice. In *Groves* all of the claims were dismissed by the settlement agreement except the claim that Title 2A inmates are entitled to work or commutation credits similar to those afforded to Title 2C inmates. Two of the plaintiffs in the present case, Manigold and Williams, are presently confined in the ADTC while the remaining two, Prevard and Gunn, have been released on parole after the initiation of this suit. Plaintiff Gunn has withdrawn from this lawsuit.

### Legal Standard

■ The Court reviews a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) under the same standard as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Constitution Bank v. DiMarco,* 815 F.Supp. 154, 157 (E.D.Pa.1993). On a Rule 12(b)(6) motion, the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994). Under Rule 12(c), judgement will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *See Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290–91 (3d Cir.1988). The question is whether the plaintiff can prove any set of facts consistent with his allegations that will entitle him to relief, not whether he will ultimately prevail. *See*

*Hishon v. King and Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

■ While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Washington Legal Found. v. Massachusetts Bar Found.,* 993 F.2d 962, 971 (1st Cir.1993). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or permit inferences to be drawn that these elements exist. *See* Fed.R.Civ.P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### Analysis

The plaintiffs have submitted a brief in opposition to "the defendant's motion for summary judgment" and responded to the defendant's motion as if it were a motion under Fed.R.Civ.P. 56. However, the defendant has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c); the Court will treat these opposing actions as 12(b)(6) motions.

■ The Fourteenth Amendment of the United States Constitution provides that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." The Equal Protection clause mandates that all persons similarly situated be treated the same. *See City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). However, the constitutional principles of equal protection do not require that all persons be treated identically. *See Trantino v. Dept. of Corrections,* 168 N.J.Super. 220, 226, 402 A.2d 947 (App.Div.1979). They require only that any differences in treatment be justified by an appropriate state interest, and the State need only show a rational basis for a

classification where the classification is not suspect. *Id.* State laws are generally entitled to a presumption of validity against attack under the Equal Protection Clause. *See Parham v. Hughes,* 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979).

▮ To bring a successful claim for violation of equal protection, the plaintiff must show that the allegedly offensive categorization invidiously discriminates against the disfavored group. *See Kranson v. Valley Crest Nursing Home,* 755 F.2d 46, 52 (3d Cir., 1985); *Price v. Cohen,* 715 F.2d 87, 91–92 (3d Cir.1983), *cert. denied* 465 U.S. 1032, 104 S.Ct. 1300, 79 L.Ed.2d 700 (1984). In the absence of invidious discrimination, a court is not free under the Equal Protection Clause to substitute its judgment for the will of the people of a State as expressed in laws passed by their popularly elected legislature. *See Parham v. Hughes,* 441 U.S. 347, 351, 99 S.Ct. 1742, 1745, 60 L.Ed.2d 269, 274 (1979); *Lockport v. Citizens for Community Action,* 430 U.S. 259, 272, 97 S.Ct. 1047, 51 L.Ed.2d 313 (1977).

▮ The Supreme Court has formulated a standard of review for prisoners' constitutional claims. *See Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). "[W]hen a prison regulation impinges on an inmate's constitutional rights, the regulation is valid if it is reasonably related to a legitimate penological interest." *Id.* at 89, 107 S.Ct. 2254. In other words, such a regulation will stand so long as it passes a "rational basis" test.

For parole consideration, repetitive and compulsive sex offenders sentenced to ADTC are treated differently from other New Jersey Department of Corrections ("NJDOC") inmates. They must pass two boards of review to be eligible for parole: the Special Classification Review Board ("SCRB") and the State Parole Board ("SPB"). Once the SCRB determines that an inmate is eligible for parole consideration, that person goes before the SPB, which makes a final decision whether to grant parole.

### 1. *Work and Commutation Credits*

The plaintiffs contend that the defendants improperly withheld work and commutation credits from them as Title 2A inmates. The defendants counter by saying that this contention fails to state a claim for which relief can be granted because they are in compliance with state law N.J.S.A. 2A164–10, which is constitutional. N.J.S.A. 2A:164–10 directs that "[n]o statute relating to remission of sentence by way of commutation time for good behavior and for work performed shall apply to any such person committed pursuant to section 2A:164–6 of this title." This type of statute has been found to be constitutional and not in violation of the equal protection clause. *Compare State v. Wingler,* 25 N.J. 161, 176, 135 A.2d 468 (1957). In addition, New Jersey courts have found that Title 2C did not modify Title 2A sentences by granting commutation credits. *See, e.g., id.; Savad v. Dept. of Corrections,* 178 N.J.Super. 386, 391, 429 A.2d 381 (App.Div.) ("[t]he enactment and taking effect of the Code did not, in itself, reduce or otherwise affect pre-Code sentences"), *certif. denied* 87 N.J. 389, 434 A.2d 1071 (1981); *State v. Smith,* 190 N.J.Super. 21, 25, 461 A.2d 1177 (App.Div. 1982).

The defendants insist that Title 2A and Title 2C inmates should not be treated the same because of the different sentences each group receives. Title 2A inmates are given an indeterminate sentence, under which they are eligible for parole consideration without regard to time served. Title 2C inmates, on the other hand, are given determinate sentences subject to a possible period of parole ineligibility, a mandatory minimum sentence. A 2C inmate generally would not appear before the parole board until his mandatory minimum sentence had expired. As mentioned, the 2C inmate is also eligible for work or

commutation credits, while the Title 2A inmate is not.

The New Jersey Appellate Division considered this issue in *State v. Fernandez,* 209 N.J.Super. 37, 506 A.2d 1245 (App.Div. 1986), with an inmate sentenced under N.J.S.A. 2A:143–1 and other title 2A statutes. *Id.* After Title 2C was passed, the inmate moved to be resentenced in accordance with N.J.S.A. 2C:1–1d(2). *Id.* at 40, 506 A.2d 1245. He alleged that the failure to provide him with the same right to earn commutation credits as that of an inmate sentenced under 2C deprived him of his right to equal protection under the federal and state constitutions. *Id.* at 41, 506 A.2d 1245. The appellate court found these contentions to be meritless because that inmate was "not a member of the same class, nor similarly situated to persons serving determinate sentences under the Code." *Id.* at 49, 506 A.2d 1245. The court further found that it was reasonable for the Legislature to refuse to award commutation credits to 2A inmates because such credits could be used to initiate release before satisfactory rehabilitation and social adjustment had been made. *Id.* at 51, 506 A.2d 1245. Such a result would thwart the obvious purpose of the Title 2A statute. *Id.*

Nonetheless, the present plaintiffs rely on two cases for the proposition that such a classification denies equal protection to them. *Truax v. Corrigan,* 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254 (1921) (A classification based only upon a penalty or remedy is not a constitutionally permissible one; such a classification denies equal protection), and *State v. Pirkey,* 203 Or. 697, 281 P.2d 698 (1955) (where " ... it has been held that a statute which prescribes different punishments or different degrees of punishment for the same acts committed under the same circumstances by persons in like situation is violative of the Equal Protection Clause."). Their reliance is misplaced.

The *Truax* court observed that "reasonable classification is permitted without do-ing violence to equal protection." *Id.* at 337, 42 S.Ct. 124. Here, because we do not have a question of fundamental rights, the government need only show a reasonable basis for the classification. As said, the plaintiffs also rely on *Pirkey,* later overruled. *See City of Klamath Falls v. Winters,* 289 Or. 757, 619 P.2d 217 (1980) (determining that *Pirkey* was overruled by *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)). In a case which recognized that *Pirkey* was overruled, the Oregon Supreme Court noted that "it is clear ... that the legislature intends that Oregon courts sentence criminal defendants under the statutory scheme in force when a particular criminal act was committed." *State v. Isom,* 313 Or. 391, 395, 837 P.2d 491, 494 (1992).

■ Other cases have agreed that different policies for different classes of inmates is constitutional. *See, e.g., Trantino v. Dept. of Corrections,* 168 N.J.Super. 220, 226, 402 A.2d 947 (App.Div.1979) ("no merit in the claim that [the] work credit policy 'created an arbitrary distinction which is not founded on a substantial state interest between prisoners who were sentenced to life imprisonment on a particular day and prisoners whose death sentences were commuted to life imprisonment as of the same day' "); *State v. Smith,* 190 N.J.Super. 21, 23–24, 461 A.2d 1177 (App.Div. 1982) ("differing treatment of prior offenders does not generate any inference of constitutional deprivation."). This Court agrees. The denial of commutation and/or work credits to inmates sentenced to indeterminate sentences under N.J.S.A. 2A:164–3 does not violate the United States Constitution nor the New Jersey State constitution. The State has a right to avoid potentially premature release of 2A offenders before satisfactory rehabilitation and social adjustment is effected. This is a rational basis to distinguish such inmates from those inmates committed to determinate sentences under the Code. *Accord State v. Fernandez,* 209 N.J.Super. 37, 51, 506 A.2d 1245 (App.Div.1986). Be-

cause of the presence of a rational basis, there is no showing of invidious discrimination.

### 2. *Violation of Ex Post Facto Clause of the United States Constitution*

The plaintiffs also claim that their incarceration under N.J.S.A. 2A:164–3 *et. seq.* violates the *ex post facto* clause of the Untied States Constitution. United States Constitution, Art. I, Sec. 10. An *ex post facto* law is one which punishes conduct that was not criminal when it occurred or increases the punishment for an act after the act is done. *See United States v. Bucaro,* 898 F.2d 368 (3d Cir.1990). Here, the plaintiffs' actions were criminal when they were committed. Because they were given indeterminate sentences, their incarceration under Title 2A does not extend their sentences after their criminal actions were committed. The plaintiffs do not state a claim for violation of the *ex post facto* clause.

### 3. *Violation of the Eighth Amendment*

The Eighth Amendment of the United States Constitution prohibits excessive bail, excessive fines and "cruel and unusual punishment." The plaintiffs claim that their incarceration constitutes such cruel and unusual punishment. Routine discomfort is part of the penalty criminal offenders pay for their offenses against society, and "only those deprivations that deny the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *See Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). It is clear that the actions complained of by the plaintiffs do not rise to this level. The plaintiffs do not state a viable claim for violation of the Eighth Amendment.

### 4. *Violation of the Due Process Clause of the Fourteenth Amendment*

The Fourteenth Amendment of the United States Constitution declares "nor shall any State deprive any person of life, liberty, or property, without due process of law. . . ." Accordingly, a "liberty interest" of constitutional dimension may not be abrogated by governmental action without certain procedural safeguards. U.S. Const. Art. XIV. The plaintiffs claim that denial of commutation or work credits violates their liberty interest as protected by the Fourteenth Amendment. Such a "liberty interest" may be derived from one of two sources: The interest may be of such a fundamental nature that it inheres in the Constitution itself, *see Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) or it may be created by state law. *See Meachum v. Fano,* 427 U.S. 215, 223–27, 96 S.Ct. 2532, 2537–40, 49 L.Ed.2d 451 (1976) *reh. denied* 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155 (1976).

It is unclear exactly what the plaintiffs argue to be their liberty interest. If they claim a liberty interest in parole eligibility, that is clearly not the case. There is no federal constitutional right to parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 422 U.S. 1, 95 S.Ct. 2016, 44 L.Ed.2d 643 (1979); although *compare Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole constitutes conditional liberty such that it may not be revoked without *procedural* safeguards). While a statute may create due process rights affecting the parole decision making process, the defendants argue that New Jersey's Parole Statute regarding repetitive and compulsive sex offenders does not create such a protected due process liberty interest in parole eligibility.

A state statute creates a substantive liberty interest protected by the Due Process Clause of the Fourteenth Amendment by placing substantive limitations on official discretion. *See Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983)., 461 U.S. at 249, 103 S.Ct. at 1747. The common man-

ner in which a State creates such a liberty interest is by establishing "substantive predicates" to govern official decision-making, *see Hewitt v. Helms*, 459 U.S. at 472, 103 S.Ct. at 871, and by mandating the outcome to be reached upon a finding that the relevant criteria have been met. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). The factors to be considered whether a plaintiff has a state-created liberty interest are: 1) do "substantive predicates" exist; and 2) if so, do they mandate the outcome? Both questions must be answered "yes" for a particular state statute to create a liberty interest. Here, N.J.S.A. 2A:163–10 may create substantive predicates, that is, the requirement that the SCRB and the SPB deliberate to decide whether a person is eligible for parole. However, the second part of the *Thompson* test is not met because even after such a determination, the inmate may or may not be released by the SPB. Because the release of the inmate remains within the discretion of the SPB, the outcome is not mandated by any substantive predicates. The plaintiffs do not have a liberty interest in parole eligibility.

█ Plaintiffs may, however, be claiming a broader and more fundamental interest in personal liberty. Under this analysis, the credits sought affect the length of incarceration, the denial of which impinges upon the broader liberty interest. Should that denial be scrutinized under a strict scrutiny standard which would require a compelling state interest to sustain it? *Compare Frazier v. Manson*, 703 F.2d 30, 33–34 (2d Cir.1983). The *Frazier* court concluded that the constitutionality of bestowing good time credits on some prisoners, but not on others, needed only rational basis. *See id.; see also McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). As the analysis of *State v. Fernandez* reveals, there is a rational basis, with constitutional approval, to distinguish those inmates sentenced under Title 2A from those sentenced under Title 2C.

*Conclusion*

Based on the Court's review of the record and the submissions of the parties, the defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is granted.

## ORDER

This matter comes before the Court on the motion of defendants William H. Fauver, et al. for a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Based on the Court's review of the record and the submissions of the parties, the defendant's motion is granted.