**Cornelius CARTER, Plaintiff,**

v.

**Steven GEORGEVICH, Defendant.**

**Civil A. No. 96–1990 (WHW).**

United States District Court,
D. New Jersey.

Jan. 5, 2000.

Anthony C. Bruneio, Bruneio Law Offices, PC, Allentown, PA, for Plaintiff.

Paul A. Sandars, III, Kevin J. O'Connor, Lum, Danzis, Drasco, Positan & Kleinberg, LLC, Roseland, NJ, for Defendant.

## OPINION

WALLS, District Judge.

Defendant Steven Georgevich moves to dismiss the plaintiff Cornelius Carter's complaint. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. For the reasons discussed below, the motion is denied.

### *Background*

In 1991, Steven Georgevich, a police officer in Bergen County, pulled over plaintiff for driving erratically on the highway. As the car slowed, and when defendant later questioned plaintiff at the rear of the car, Officer Georgevich observed the front seat passenger making what he describes as "furtive movements," as though trying to retrieve or conceal something. Georgevich removed the two passengers from the car. After patting down all three men (the driver and the passengers), he ordered them to sit on the hood of the car so that he could search the car for weapons.

Georgevich found a jacket on the front seat of the car which he patted down and determined did not contain any weapons. Underneath the jacket, he discovered a closed brown paper bag "compressed into a spherical shape approximately six inches in diameter ... hard and weigh[ing] approximately half a pound." Defendant opened the bag and discovered 7.5 ounces of cocaine.

Plaintiff was arrested and later convicted in New Jersey Superior Court for possession of cocaine and possession with intent to distribute five or more ounces of cocaine. He appealed; in December, 1994, the Appellate Division overturned the conviction on the ground that the warrantless search of the bag was unconstitutional and the evidence improperly admitted.

Plaintiff brought an action alleging (1) illegal search and seizure, false arrest and malicious prosecution by Georgevich in violation of 42 U.S.C. § 1983, (2) assault and battery against Georgevich and Bergen County, (3) false imprisonment against Georgevich and Bergen County, (4) malicious prosecution against Georgevich and Bergen County, and (5) municipal liability against Bergen County. Defendants moved for summary judgment. The Court granted defendants' motion on claims two, three, four and five in a letter order dated May 18, 1998 ("May 1998 Letter Opinion").[1] The Court also concluded that Officer Georgevich was not protected by qualified immunity enjoyed by police officers in the performance of their official duties and, thus, did not grant summary judgment on count one, the § 1983 claim.

By agreement of all parties at a Pre-Trial conference held December 16, 1998, the case was administratively closed pending plaintiff's release from prison on an unrelated arrest. On May 3, 1999, plaintiff moved to re-open the case. The case was formally re-opened on June 16, 1999. Magistrate Judge Pisano denied plaintiff's request for additional discovery on the same date. On July 30, 1999, this Court received the defendant's motion to dismiss and plaintiff's opposition papers (filed pursuant to Appendix N).

Defendant argues that a recent case, *Townes v. City of New York,* 176 F.3d 138 (2d Cir.1999), precludes plaintiff's suit for damages stemming from alleged violations of his Fourth Amendment rights by Officer Georgevich. In response, plaintiff argues that the motion is "baseless and ... an obvious attempt to wear down a civil rights Plaintiff." Plaintiff also asserts that the motion should be considered as a motion for summary judgment rather than as a motion to dismiss, that the defendant seeks to relitigate issues already decided in the May 1998 Letter Opinion, and that

1. This decision removed Bergen County as a defendant.

the motion should be considered untimely. Defendant counters that the motion may be treated as either a motion for summary judgment or a motion to dismiss and that the motion does not relitigate the issues decided in the earlier summary judgment motion because the May 1998 Letter Opinion only addressed issues of qualified immunity under § 1983. Defendant also asserts that the motion should be treated as timely because it was prompted by this recent decision of the Second Circuit which addressed the right of a § 1983 plaintiff to collect damages for his conviction and incarceration because of an alleged Fourth Amendment violation by an arresting officer.

The Court will treat defendant's motion as a motion to dismiss plaintiff's claim for damages stemming from his conviction and incarceration due to an alleged Fourth Amendment violation by defendant. Defendant's motion to dismiss is denied.

### Legal Standard

Under the Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Prevard v. Fauver,* 47 F.Supp.2d 539, 542 (D.N.J.1999).

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the court is required to accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the nonmoving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994). The question is whether the claimant can prove any set of facts consistent with his/her allegations that will entitle him/her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

While a court will accept well-plead allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. *See Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. *See* Fed. R.Civ.P. 8(a)(2).

### Analysis

### 1. *Townes v. City of New York*

The Second Circuit, in May 1999, addressed the issue of whether a plaintiff whose Fourth Amendment right to be free from unreasonable search and seizure had been violated by an arresting officer can collect damages for his or her conviction and incarceration. *Townes v. City of New York,* 176 F.3d 138 (2d Cir.1999). The *Townes* plaintiff had been searched after the taxicab he was riding in (as a passenger) was pulled over. The trial court refused to suppress the cocaine found on his person and the handgun found in the taxicab. Plaintiff then plead guilty to two counts of criminal possession of a weapon and possession of a controlled substance and was imprisoned for two years. On appeal, the Appellate Division reversed the conviction because it concluded that the police lacked probable cause to stop and search the taxicab. Plaintiff then filed a § 1983 claim. On an appeal from a denial of a motion to dismiss plaintiff's § 1983 claim for violations of the Fourth Amendment, the Second Circuit dismissed this claim for two reasons. First, the court applied the proximate cause requirement of state tort claims and held that "the chain of causation between a police officer's unlawful arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment" by the trial court and prosecutor. Second, the court found a "gross

disconnect" between the injury Townes alleged and the damages he sought. The court held that Townes had already reaped the benefit of the officer's Fourth Amendment violation by being released and refused to "compensate him for his conviction and time served, on top of the benefit he enjoys as a result of the suppression."

### 2. Proximate Cause

█ Civil rights actions filed under § 1983 are similar in structure to tort actions brought under state common law. *See generally Carey v. Piphus,* 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). Consequently, proximate cause is an element of any § 1983 plaintiff's case. The court, then, must evaluate whether Carter's conviction and incarceration were proximately caused by Officer Georgevich's alleged constitutional torts.

For this motion to dismiss, the Court will assume that had not Officer Georgevich conducted an illegal search and seizure, the cocaine would not have been discovered and plaintiff would not have been convicted of possession with intent to distribute. The chain of causation, however, may be broken by intervening acts. Under the common law, a superseding cause is defined as "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another...." *Restatement (Second) of Torts* § 440 (1965).

Defendant contends that the prosecutor's independent decision to seek indictment, the trial judge's denial of Carter's motion to suppress, the grand jury's decision to indict and the jury's conviction are all superseding causes which break the chain of causation between plaintiff's arrest and his conviction and incarceration. The *Townes* court concluded that "[t]he state trial court's exercise of independent judgment in deciding not to suppress the evidence, though later ruled to be erroneous, broke the chain of causation for pur-

poses of § 1983 liability for plaintiff's conviction and incarceration." 176 F.3d at 147. Thus, the court held that plaintiff could not seek damages for his arrest and conviction and, at most, would be entitled to recover "slight or nominal damages" for the stop of the taxicab and the associated search and seizure.

█ In today's society, where illegal drug activity is readily known and commonplace in urban, suburban, and ex-urban communities, and the pursuit by law enforcement authorities of this activity is not only expected but demanded by the public, to consider the acts of a prosecutor and trial court as "independent judgment" in the prosecution of one arrested under similar circumstances to the plaintiff may not be realistic. A reasonable observer may readily expect that plaintiff would be prosecuted arising from his arrest after defendant's search and seizure.[2] Rather than the acts of a prosecutor and judge being considered intervening independent causes which interrupted or destroyed the causal connection between the wrongful act and injury to the plaintiff, it appears to the Court such subsequent acts were reasonably foreseeable by the officer. A tortfeasor is not relieved from liability for his wrongful conduct by the intervention of third persons if these acts were reasonably foreseeable. *See Menth v. Breeze Corp.,* 4 N.J. 428, 73 A.2d 183 (N.J.1950).

█ Additionally, the *Townes* court itself recognized that in cases where the police officer was an active participant in the resulting conviction, such as where he "misled or pressured the official who could be expected to exercise independent judgment," a plaintiff may seek damages for Fourth Amendment violations because the chain of causation has not been broken. *See Townes,* 176 F.3d at 147; *see also Barts v. Joyner,* 865 F.2d 1187, 1195 (11th Cir.1989). Further, even if later decisions are "independent," independent actors

**2.** That the search is illegal is seldom, if ever, acknowledged by the "independent" prosecuting authorities; such must invariably await a judicial hearing and judgment.

may be jointly and severally liable for plaintiff's injury if "it just [is] not possible to say what portion of [plaintiff's] injuries would have been avoided if a particular defendant had not participated in the wrongful conduct." *Shakman v. Democratic Org. Of Cook Cty.*, 634 F.Supp. 895 (N.D.Ill.1986) (discussing joint and several liability in § 1983 actions); *see generally Goodman v. Fairlawn Assocs.*, 253 N.J.Super. 299, 601 A.2d 766 (1992) (citing *Sholtis v. American Cyanamid Co.*, 238 N.J.Super. 8, 568 A.2d 1196 (1989)) (joint and several liability is presumed where there is "indivisible injury sustained … [which] was the product of a gradual process contributed to by multiple parties.")

### 3. Damages Sought for Injury Claimed

The Second Circuit, in *Townes,* also refused to permit the plaintiff to seek damages for his conviction and incarceration because it found that he had already been amply rewarded by his release from prison. The court found that § 1983 liability "is limited to 'the kind of injury that the [constitutional right at issue] was designed to prevent.'" 176 F.3d at 148. According to the court, any award of damages to compensate the plaintiff for his conviction would "vastly overdeter police officers and would result in a wealth transfer that 'is peculiar, if not perverse.'" *Id.*

While it is true that a § 1983 plaintiff generally cannot seek damages under the Fourth Amendment for conviction and incarceration if the conviction has not been overturned, this restriction does not apply to plaintiffs whose convictions have been set aside. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If the officer's actions in the period leading up to plaintiff's conviction proximately caused plaintiff's conviction and incarceration, this court cannot ignore the injuries plaintiff allegedly suffered during his imprisonment merely because he is now free. Though a jury may decide that plaintiff's monetary damages

are nominal, this Court cannot conclude as a matter of law that his claim for damages is precluded.

### 4. Remaining Section 1983 Claims

Plaintiff also seeks § 1983 damages for false arrest and malicious prosecution. *Townes* specifically left open the right of a plaintiff to seek § 1983 damages in cases where the facts alleged may give rise to a claim for malicious prosecution. *See Townes,* 176 F.3d at 148–49 ("Because [plaintiff] fails to allege that defendants' conduct effectively amounted to malicious prosecution, however, these damages [relating to his conviction and incarceration] are not recoverable."); *cf. Smiddy v. Varney,* 665 F.2d 261 (9th Cir.1981) (there is a rebuttable presumption that a prosecutor exercises independent judgment in determining whether there is probable cause on which to file criminal charges, but the presumption of independent judgment may be rebutted by evidence that police officers acted with malice or with reckless disregard for the rights of the plaintiff). Plaintiff asserts that his arrest and prosecution were "malicious in that, absent the illegally seized evidence, there was no probable cause to arrest or prosecute." Pre–Trial Order at 1. Defendant counters that this claim must be dismissed because plaintiff's state law claim for malicious prosecution was dismissed in the May 1998 Letter Opinion. The Court concludes that while plaintiff's state law claim for malicious prosecution was dismissed as precluded by the notice and limitations of the New Jersey Tort Claims Act, his § 1983 claim was not. Further, the merits of such a cause of action were not decided by the Court.

### *Conclusion*

For the foregoing reasons, defendant's motion to dismiss is denied as to plaintiff's § 1983 claim for damages stemming from his conviction and incarceration on the theory that Officer Georgevich violated his Fourth Amendment right to be free from illegal search and seizure. Plaintiff's re-

maining § 1983 claims are also not dismissed.

## ORDER

Defendant Steven Georgevich moves to dismiss plaintiff Cornelius Carter's complaint. Having considered the parties' submissions and for good cause shown,

It is on this day of January, 2000,

ORDERED that defendant's motion to dismiss the complaint is denied.